UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 22-092-DCR-11 |
| V. | ) ) | |
| RUVI BEANEY PACHECO, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

*** *** *** ***

A jury convicted Defendant Ruvi Pacheco on April 13, 2023, of conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h) and promotional money laundering under 18 U.S.C. § 1956(a)(l)(A)(i). [Record No. 223] Pacheco was not assessed any criminal history points during her sentencing hearing and, therefore, was placed in Criminal History Category I under the United States Sentencing Guidelines in effect at that time.[1] [Record No. 379] She was subsequently sentenced to 110 months' imprisonment, to be followed by three years of supervised release.[2] [*Id.*] Pacheco has now filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United

---

[1] The undersigned was fully aware of Amendment 821 to the United States Sentencing Guidelines and the likelihood that, in the future, it might be applied retroactively to defendants, like Pacheco, who were sentenced prior to November 1, 2023.

[2] Pursuant to the 2021 edition of the United States Sentencing Guidelines Manual, Pacheco had a nonbinding guideline range of 97 to 121 months' imprisonment. [Record No. 379]

- 1 -

States Sentencing Guidelines. [Record No. 386] However, her motion will be denied because application of the factors set forth in 18 U.S.C. § 3553(a) do not support a sentence reduction.

## Background

Pacheco was convicted of laundering money derived from the proceeds of drug trafficking from December 2020 to February 2, 2021. [Record No. 348] During this period, Pacheco together with her boyfriend and co-defendant (Claudio Cabrera) regularly crossed state lines to transport drug proceeds. [Record No. 405] Pacheco was found to have laundered $272,870 as part of an extensive drug trafficking operation. [*Id.*] A large part of the laundered funds was derived from fentanyl sales, the dangerousness of which is widely-known. [*Id.*]

## Discussion

In 2023, the United States Sentencing Commission adopted Amendment 821 to the United States Sentencing Guidelines, which may offer a sentence reduction to eligible defendants. (U.S.S.G. Amend. 821, eff. Nov. 1, 2023.) More specifically, Part B of Amendment 821 may decrease a defendant's Total Offense Level by two points for zero-point defendants and who are not otherwise disqualified under U.S.S.G 4C1.1(a)(2)-(10). Courts apply a two-step approach when considering whether a defendant's sentence should be reduced under 18 U.S.C. § 3582(c)(2) and Amendment 821.

First, the Court must determine whether the defendant is eligible for a sentence reduction under U.S.S.G. §1B1.10. In this case, the United States Probation Office has indicated that Pacheco may be eligible for a sentence reduction under Part B because she was sentenced as a "zero-point offender." The undersigned likewise agrees this assessment.

Following this determination, the Court then considers whether the § 3553(a) factors warrant a sentence reduction under the circumstances of the case. *See Dillon v. United States,*

560 U.S. 817, 827 (2010); *United States v. Bolds*, 511 F.3d 568, 579-80 (6th Cir. 2007).  Here, the nature and circumstances of Pacheco's criminal conduct support preserving her original sentence.  Broadly, Pacheco acted as "a courier of money derived from a large-scale drug distribution conspiracy" and "[s]he traveled all over the United States transporting money" with awareness that she was participating in a drug distribution conspiracy.  [Record No. 405]  The impact of her actions, and in particular, the effects of illegal fentanyl use and addiction causes significant damage and destruction to families throughout the region.

The need to provide specific and general deterrence also are primary considerations in Pacheco's case.  As the government correctly observes, Pacheco's lack of criminal history points does not mean her criminal conduct has been limited to the period in which she was convicted of laundering money.  [Record No. 405]  Law enforcement officers stopped and questioned Pacheco on three separate occasions throughout 2021 for suspected criminal conduct.  During one stop occurred at Lexington's Blue Grass Airport, a canine positively alerted to the presence of a narcotics in the defendants' luggage (i.e., the luggage of Pacheco and Cabrera).  A subsequent search revealed a significant amount of concealed currency.  Although Pacheco was not arrested at the time, she continued laundering money undeterred by the prospect of prosecution or incarceration.  This strongly suggests lacks respect for the rule of law, rendering paramount the need for specific deterrence.  Likewise, general deterrence would not be served by reducing Pacheco's sentence.  Money laundering is key to drug trafficking activities, and the others who may be inclined to engage in similar conduct should be placed on notice that significant penalties are likely.

As a final observation, the Court notes that Pacheco's adjusted guideline range for incarceration would be between 78 months and 97 months by applying the two-level decrease

for which she is eligible pursuant to Part B of Amendment 821. However, the undersigned contemplated the potential impact of Amendment 821 on Pacheco during her sentencing hearing shortly before its effective date, observing then that "a sentence in [this range] would not be sufficient to take into account the factors of 3553." [Record No. 379]

### Conclusion

Pacheco's original sentence is sufficient but not greater than necessary to address all relevant factors under 18 U.S.C. § 3553(a). However, a reduced sentence would unduly diminish the serious nature of her criminal conduct and not provide a just sentence.

Being sufficiently advised, it is hereby

**ORDERED** that Defendant Pacheco's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines [Record No. 386] is **DENIED**.

Dated: February 2, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky